J-S45019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMIN ACKRIDGE | : | |
| | : | |
| Appellant | : | No. 2186 EDA 2021 |

Appeal from the PCRA Order Entered September 29, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0007098-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMIN ACKRIDGE | : | |
| | : | |
| Appellant | : | No. 2187 EDA 2021 |

Appeal from the PCRA Order Entered September 29, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0007099-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMIN ACKRIDGE | : | |
| | : | |
| Appellant | : | No. 2188 EDA 2021 |

Appeal from the PCRA Order Entered September 29, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0007100-2016

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                               :             PENNSYLVANIA
                                                 :

                    v.                                 :

AMIN ACKRIDGE                         :

              Appellant             :    No. 2189 EDA 2021

Appeal from the PCRA Order Entered September 29, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0007101-2016

BEFORE: OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:            **FILED JULY 19, 2023**

Appellant, Amin Ackridge, appeals from the September 29, 2021 order of the Court of Common Pleas of Philadelphia County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Counsel for Appellant has filed a motion to withdraw as counsel and a no-merit letter in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988). We grant counsel's motion to withdraw and affirm the order denying Appellant's petition.

Briefly, following a trial, Appellant was convicted of twenty-eight offenses, including multiple counts each of attempted murder, robbery, conspiracy, and possession of a firearm prohibited. The trial court imposed consecutive guideline-range sentences for each conviction that did not merge, resulting in an aggregate sentence of 194 to 456 years of imprisonment. After granting Appellant's motion for reconsideration, the trial court resentenced

Appellant to an aggregate sentence of 178 to 416 years of imprisonment. Appellant timely filed a notice of appeal to this Court. We affirmed the judgment of sentence. *See Commonwealth v. Ackridge*, No. 2868 EDA 2017, unpublished memorandum (Pa. Super. filed May 24, 2019). Our Supreme Court denied Appellant's petition for allowance of appeal on January 16, 2020. *See Commonwealth v. Ackridge*, No. 328 EAL 2019 (Pa. 2020).

> Appellant timely filed the instant *pro se* PCRA petition on November 17, 2020 on all four dockets, claiming that his convictions or sentences resulted from a violation of the Constitution, ineffective assistance of counsel, and the imposition of a sentence greater than the lawful maximum. [The PCRA court] appointed Peter A. Levin to serve as PCRA Counsel for Appellant. On June 11, 2021, Appellant's PCRA counsel filed a no-merit letter with [the PCRA court] pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) [(*en banc*)]. In this letter, counsel stated that although Appellant's PCRA petition was timely and Appellant was eligible for relief, the issues Appellant raised were without arguable merit. Appellant's PCRA counsel additionally requested permission to withdraw as counsel of record for Appellant.
>
> On July 12, 2021, after independently reviewing the Appellant's PCRA petition, PCRA counsel's *Turner/Finley* no-merit letter, and the record as a whole, [the PCRA court] determined that the issues raised by Appellant in his PCRA petition were without merit and filed a [t]wenty-[d]ay Notice to Dismiss pursuant to Pa.R.Crim.P. 907. On September 29, 2021, [the PCRA court] entered an Order formally dismissing Appellant's PCRA petition, permitting Peter A. Levin to withdraw as counsel, and appointing D. Wesley Cornish to serve as PCRA appellate counsel for Appellant. On October 21, 2021, Appellant filed a timely notice of appeal from the dismissal of his PCRA petition without an evidentiary hearing. On October 22, 2021, [the PCRA court] entered an order directing Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b), which Appellant filed on November 4, 2021.

PCRA Court Opinion, 4/7/22, at 1-4.

We first address counsel's application to withdraw. In order for PCRA counsel to withdraw under **Turner**/**Finley** in this Court:

> (1) PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.
>
> (2) PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.
>
> (3) This Court must independently review the record and agree that the appeal is meritless.

**Commonwealth v. Widgins**, 29 A.3d 816, 817-18 (Pa. Super. 2011).

Previously, we denied counsel's application to withdraw, noting that withdrawal under **Anders**[1] was not appropriate, and ordered counsel to file either a proper **Turner**/**Finley** brief or a proper advocate brief.

After giving counsel time to fix errors, counsel filed a new **Anders** brief, identical to the one we rejected. We do not take counsel's failure to comply with our memorandum lightly. While counsel disregarded our directive on the filing of a proper brief, he complied with the remaining portion of our directive by filing a copy of the letter he sent to Appellant along with the motion to withdraw.

At this juncture, therefore, we must determine whether we can accept counsel's **Anders** brief in lieu of a **Turner**/**Finley** no-merit letter. Generally,

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

we can because an **Anders** brief provides greater protection to Appellant. **Widgins**, 29 A.3d at 817 n.2 (accepting **Anders** brief in lieu of **Turner**/**Finley** letter).

Upon review, we conclude that counsel complied with the procedural and substantive requirements for withdrawal. Counsel stated in his motion to withdraw that he found Appellant's issues lacked merit after conducting a review of the record. Motion for Leave to Withdraw as Counsel, 5/12/23, at 1. Counsel attached to his motion a copy of the letter he sent to Appellant advising him he could retain private counsel or proceed *pro se.* **Id.** Counsel also provided Appellant with a copy of the brief, which summarizes the facts and procedural history, includes issues that could arguably support Appellant's appeal, and explains why the issues are meritless.

Having concluded that counsel's petition to withdraw is **Turner**/**Finley** compliant, we conduct an independent review of the record in light of the PCRA petition and the issues set forth within it, as well as of the contents of the petition of counsel to withdraw. If we agree with counsel that the claims are without merit, we will permit counsel to withdraw and deny relief. **See**, **e.g.**, **Commonwealth v. Park**, 2021 WL 4477468 (Pa. Super. filed September 30, 2021).[2]

---

[2] **See** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

Appellant presents the following issue for our consideration:

Did the trial court err, abuse its discretion, and/or make a mistake of law when it denied Appellant's [PCRA] petition for relief and new trial . . . by accepting PCRA counsel's *Finley* Letter, negating improper consolidation, an illegal sentence, removal of juror, introduction of testimony about a Delaware robbery case, and allowance of skin tone testimony without an evidentiary hearing?

Appellant's Brief at 2.

When reviewing the propriety of an order pertaining to PCRA relief,

we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

*Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018).

Appellant claims that trial counsel was ineffective for not opposing the consolidation of the instant pending criminal actions.[3] We agree with counsel that the claim has no merit.

To the contrary, the record reflects that Appellant's trial counsel did oppose the Commonwealth's motion at a hearing on March 21, 2017. In this hearing, Appellant's trial counsel argued that the Commonwealth had failed to establish similar geographical

---

[3] Counsel is presumed effective. To overcome this presumption, the petitioner must plead and prove that (1) the underlying issue is of arguable merit; (2) counsel had no reasonable strategic basis in support of the disputed action or inaction, and (3) counsel's errors prejudiced the petitioner. *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013). Failure to prove any of these three prongs is fatal to the claim. *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015), *appeal denied*, 123 A.3d 331 (Pa. 2015).

proximity between the underlying offenses in Appellant's four dockets[.] Appellant's trial counsel contended that the Commonwealth had not "under the law . . . met its burden for consolidation and therefore "consolidation [was] not appropriate." [The trial court] ultimately granted the Commonwealth's motion for consolidation, a decision which was previously challenged by Appellant on direct appeal and affirmed by the Superior Court of Pennsylvania. ***See Commonwealth v. Ackridge***, No. 2868 EDA 2017, at 5-6 [(Pa. Super. filed May 24, 2019)].

PCRA Court Opinion, 4/7/22, at 6 (internal citations omitted).

Next, Appellant alleges that his trial counsel was ineffective for allowing Appellant to be sentenced to an imprisonment term that exceeded the legal maximum. The claim is without merit.

None of the sentences imposed by [the trial court] exceeded the statutory maximum. Appellant was first convicted at trial of four counts of attempted murder with serious bodily injury, which carries a statutory maximum sentence of forty (40) years. 18 Pa.C.S.A. § 1102(c). On each count, [the trial court] sentenced Appellant to a consecutive term of twenty (20) to forty (40) years of confinement. Appellant's sentences for attempted murder therefore did not exceed the statutory maximum. Appellant was also convicted of four counts of aggravated assault. Each count merged with the sentences imposed for Appellant's convictions for attempted murder, resulting in no further penalties.

Additionally, Appellant was convicted of six counts of robbery and six counts of conspiracy to commit robbery. Both offenses are graded as felonies of the first degree, which carry a statutory maximum sentence of twenty (20) years. 18 Pa.C.S.A. § 1103(1). On each count of robbery and conspiracy to commit robbery, [the trial court] sentenced Appellant to a consecutive term of seven (7) to twenty (20) years of confinement. [The trial court] later vacated duplicative sentences for two counts of conspiracy to commit robbery without disturbing the sentences already imposed on the other four counts. Appellant's sentences for both robbery and conspiracy to commit robbery therefore also did not exceed the statutory maximum.

Finally, Appellant was convicted of eight violations of the Uniform Firearms Act – four counts each of persons not to possess, use, manufacture, control, sell or transfer firearms ("VUFA § 6105") and firearms not to be carried without a license ("VUFA § 6106"). VUFA § 6105 is graded as a felony of the second degree, which carries a statutory maximum sentence of ten (10) years. 18 Pa.C.S.A. § 1103(2). On each count, [the trial court] sentenced Appellant to a consecutive term of four (4) to eight (8) years of confinement. VUFA § 6106 is graded as a felony of the third degree, which carries a statutory maximum sentence of seven (7) years. 18 Pa.C.S.A. § 1103(3). On each count [the trial court] sentenced Appellant to a consecutive term of three (3) to six (6) years of confinement. Appellant's sentences for his violations of the Uniform Firearms Act therefore did not exceed the statutory maximum.

*Id.* at 6-7 (unnecessary capitalization omitted).

In light of the foregoing, we agree with counsel that the instant claim of ineffective assistance of counsel is also without merit.

Finally, counsel represents that the remaining claims (improper removal of a juror, improper introduction of evidence about a Delaware robbery case, and improper allowance of skin tone testimony without an evidentiary hearing) are not cognizable under the PCRA because they were either previously litigated and/or are waived. We agree.[4]

_____

[4] *See* 42 Pa.C.S.A. § 9543(a)(3) (listing among the eligibility factors for PCRA relief "[t]hat allegation of error has not been previously litigated or waived.").

For purposes of the PCRA, an issue has been previously litigated if: (i) the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or (ii) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence. 42 Pa.C.S.A. § 9544(a). For purposes of the PCRA, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during

*(Footnote Continued Next Page)*

Appellant previously argued on direct appeal that [the trial court] erred and abused its discretion when it removed a juror and replaced him with an alternate and when it granted the Commonwealth's request to present the details of Appellant's arrest for robbery in Delaware. On May 24, 2019, the Superior Court of Pennsylvania reviewed [the trial court's] rulings and affirmed Appellant's judgments of sentence, discerning "no abuse of discretion on the part of the trial court as to the issues raised by Appellant." *Commonwealth v. Ackridge*, No. 2868 EDA 2017, at 5 [(Pa. Super. filed May 24, 2019)]. Appellant subsequently filed a petition for allowance of appeal with the Supreme Court of Pennsylvania on June 24, 2019, which was denied on January 16, 2020. These two claims were thus finally litigated and disposed of on Appellant's direct appeal. Accordingly, they have been previously litigated for purposes of the PCRA and are not reviewable under the PCRA.

*Id.* 9-10.

Appellant's claim that [the trial court] erred by allowing testimony without a caution or warning to the jury about the perpetrator's skin tone was not previously raised on direct appeal. Appellant is procedurally barred from litigating this claim of trial court error under the PCRA as it was not framed as part of claim cognizable under the PCRA, like the ineffective assistance of counsel. Appellant's final claim is thus waived because he could have raised it before trial, at trial, or on appeal, but failed to do so until he filed the instant *pro se* PCRA petition.

*Id.* at 10.

In summary, our review of the record confirms the PCRA court's assessment that each of Appellant's arguments is either lacking in merit,

---

unitary review, on appeal, or in a prior state postconviction proceeding. 42 Pa.C.S.A. § 9544(b).

previously litigated, waived, or otherwise not cognizable under the PCRA.[5]  We therefore affirm the PCRA court's order.

Order affirmed.  Counsel's petition to withdraw granted.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/2023

---

[5] Appellant also argues that the PCRA court erred in denying his PCRA petition without holding a hearing on his petition.  The PCRA court need not hold a hearing on every issue appellant raises, as a hearing is only required on "genuine issues of material fact," which, for the reasons discussed above, is not the case here.  Indeed, the right to an evidentiary hearing on a post-conviction petition is not absolute.  ***See***, ***e.g.***, ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001).  It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support in either the record or from other evidence.  ***Id***.